[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
The principal issue between the plaintiff, TDS Painting Restoration, Inc. (TDS Painting), a painting contractor, and the defendant, Copper Beach Farm, Inc. (Copper Beach), was whether the painting contract between the parties was subject to the provisions of General Statutes § 20-418 et seq., the Home Improvement Act (HIA).
The cases were referred to an attorney trial referee, in accordance with General Statutes § 52-434(a) and Practice Book (1998 Rev.) § 19-2. The contract involved a home improvement, the plaintiff was not a registered home improvement contractor, and the contract with the defendant, Copper Beach, did not comply with the HIA. The referee, however, recommended that judgment enter in favor of the plaintiff, TDS Painting, because it furnished services to Copper Beach for a "commercial or business use." General Statutes § 20-419(4)(C).
This court, believing that the distinction between a commercial venture and a residential use was a matter of law, rejected the referee's report in part and entered judgment for Copper Beach based on the plaintiff's failure to comply with the HIA. On appeal, the Appellate Court in TDS Painting Restoration, Inc. v. Copper Beach Farm, Inc., 45 Conn. App. 743,751, 699 A.2d 1731, cert. denied, 243 Conn. 908, 701 A.2d 338
(1997), determined that "whether a particular property is commercial in nature for purposes of `commercial exception' to the Home Improvement Act is a factual determination, and not a matter of law."[1] Accordingly, the case was remanded to this court to "render judgment consistent with the report of the attorney trial referee."
The decision of the Appellate Court is clear that judgment should, and it hereby does, enter in favor of the plaintiff for $23,969.71 and $83,910 for attorney's fees. However, the referee never completely finished his report because the plaintiff CT Page 13639 submitted a list of costs incurred in connection with pursuing this action which the referee said, in some respects, duplicated the bill of costs to be entered by the clerk of this court in accordance with General Statutes § 52-257 and Practice Book (1998 Rev.) § 18-5.
Thus, in order to comply with the Appellate Court's direction to enter judgment in accordance with the referee's report, the case is remanded to the referee to obtain a final recommendation as to "costs of collection" as distinguished from taxable costs.
The defendant, Copper Beach, has interposed two objections to a remand. First, it filed a motion to dismiss (#223) on the ground that all this court is permitted to do is enter judgment in accordance with the Appellate Court's remand, and that it does not have jurisdiction to do anything else. As noted, this court believes that in order to properly carry out the mandate of the Appellate Court, the matter must be remanded to obtain the final recommendation from the referee as to costs of collection as authorized by the contract between the plaintiff and the defendant, Copper Beach. Since there still is something that must be done in this court, the motion to dismiss is denied.
The next motion (#224) by the defendant seeks to disqualify the attorney trial referee from any further involvement with this case because he is "biased" and demonstrated "a personal involvement" in these proceedings. This claim by the defendant is based on certain letters written by the referee to the court and to the Caseflow Office. These letters simply seek clarification of scheduling and do not give rise to disqualification.[2]
Thus, this matter is remanded to Attorney Trial Referee Cohen to render a supplemental report concerning, exclusively and solely, the amount of "costs of collection." Since judgment is entering on the amount of damages and attorney's fees based on the decision by the Appellate Court, the plaintiffs request that the referee also report on the amount recoverable on other counts of the complaint, and the amount of attorney's fees incurred by the plaintiff after the report of the referee recommending $83,910 is denied.
If this matter requires a hearing, the referee should advise the Caseflow office when he wishes to hold such a hearing and counsel will be so notified by that office. Any request for a continuance should be addressed to Judge Karazin, presiding civil CT Page 13640 judge.
So Ordered.
Dated at Stamford, Connecticut, this 24th day of November, 1998.
William B. Lewis, Judge